Next case, call for oral argument is Cree Development Corp. v. Moto. Counsel, whenever you're ready, you may proceed. Thank you. This is a relatively, or probably a pretty simple case that requires interpretation. The facts are that Cree Development began developing this parcel of land in Marion. They sold, of course, the first two parcels to Cracker Barrel. And the Feezers, the predecessor and title, to Moto Mart. And from there, they produced a set of covenants that ran with the land, which were recorded. And the interpretation or enforcement of those is what we're here for today. The first two paragraphs are obviously specifically related to Cracker Barrel. And Feezers are now Moto. And then there's some other language. And then there's another set of 14 paragraphs. And clearly the time limitation in paragraph 1 is 20 years and paragraph 2 is 20 years. But the time limitation in the second set of paragraphs has a language that it's to be 20 years plus extended for 10 unless certain events happen. And there's a stipulation of facts in this case, which was before the trial court. And it's part of the record that those events didn't happen. So then the question is, do the restrictions and covenants have only a 20-year limitation pursuant to the first two paragraphs? Or does the 20-plus provision in the other paragraphs also apply? I was surprised when I took this case and got a copy of the complaint and began to research it. I thought there would be numerous cases in Illinois, jurisprudence about covenants and interpretations and so forth, and there would be something close to being online or applicable or highly relevant. Counsel for the plaintiff and I found basically the same cases through our research and presented them to the trial court and to this court. And there's not a lot of highly relevant information. There are two main principles of law here that seem to be in conflict, which this court will have to really construe. One is that when in doubt, the law in Illinois favors the free and open use of land, which counsel argues, and I agree with that, is a principle of Illinois law. The other one is that if there's an ambiguity or if there's a problem that has to be interpreted in a document, it's to be construed most strongly against the party that wrote the document. Now, counsel in this reply brief argues that there's no direct evidence that the plaintiff drafted this, and that is true as a matter of it's not part of the stipulation of facts. We didn't have any evidence in this case. But a close reading of the document in question, which is in the record, of course, and a reading of the contract, which is in the record between Cracker Barrel and the plaintiff, shows in paragraph two that it was a part of that contract that the seller or developer agreed would have to have a set of covenants ready to be registered or given to the clerk or the county clerk at the time of the closing. And so it's plain that the plaintiff is the one who drafted the covenants. And so the one principle of law would say that ambiguities are things that, like clarity, should be construed most strongly against them, and you have to weigh that against the other legal principle that when in doubt, the land is to be favored if it's unrestricted use. Did the court find an ambiguity in this contract? I don't believe that they found a direct ambiguity. There's a rule. I didn't see in her order where she says there's an ambiguity. I don't think she did. I'm just arguing that it's, to me, sort of obvious that there's an ambiguity because it's not clear. That's why we're here, because the plaintiff could have said much more clearly, this time limit applies to this purchaser and this time limit does not apply to these two purchasers and the restrictions that were put in there to protect them from competition, and they didn't do that. To me, that is an ambiguity. And I guess counsel for the plaintiff argues that there is something to be made of the words here and before and here and after, but I'm not clear what is to be made by those. And, in fact, I think that even adds to the probable existence of ambiguity as to which restrictions apply to which parcels. I wanted to add one thing for the facts, and like I said, they're pretty clearly a stipulation of facts. In the record, there is a First Amendment and a declaration of invalidity, which were filed by the plaintiff and the defendant at another time. They're not part of the case. They weren't a part of the case before the trial court, but they're in the record. I didn't want that to confuse the issues, which are pretty simple, before the court, and they were not. They were not before the court? They were presented, but they weren't part of the argument because they just didn't apply. But they were presented to the trial court. Well, they were in part of the record. All the things that are in the record were given to the trial court as well. But if there's an ambiguity, then we can look beyond the four corners of the document. Correct. And if there's an ambiguity, you don't want us to look at the first, the declaration of invalidity? Well, Judge, I don't think, we didn't think it applied because the very reason it was stated in the declaration of invalidity, because the amendment provisions of the covenant said it had to be signed by a majority of the owners, and it wasn't signed by a majority of the owners. And we did not, therefore, think that it needed counsel to argue that point to the trial court. We didn't think that they applied. But what's interesting about the extra document, assuming that there's an invalidity, is it adds 10 years. It makes it 30 years before it starts. That's the ultimate issue. Yeah, that's the ultimate issue. That's the ultimate issue, and yet doesn't that help you? Well, yes. I mean, if they're adding 10 years? If they're adding 10 years, yes. If it were done properly, but I don't think that it was done properly. But certainly the court should feel free to interpret that as part of it. If they think there's an ambiguity and they want to interpret the covenant, certainly feel free to do so. But there's no indication that Judge Smoot found an ambiguity. No, I don't believe that was anywhere in her order. Was there anything in the record? Did she issue an argument? Did she say anything? Not that I recall, no. So there will be no transcript? No, there wasn't. Whether we did a oral argument, it may have been transcribed. But I do not recall the court making an oral ruling. She took it under advisement and issued this decision sometime after our oral argument. It was, as you can see, fairly brief, and I don't think that she – I certainly am very clear, counsel, feel free to correct me if I'm wrong, but I do not remember Judge Smoot making any statements prior to the hearing. In looking at this document, the first section, I would characterize it as a preamble. We have paragraphs, whereas, whereas, whereas, and this is the preamble. And then the second part, one might characterize as the agreements. Now, therefore, here's what we agree to. In reviewing your cases, did you find anywhere there's similar type documents and what's the binding effect of a preamble if they're considered a preamble as opposed to the agreements portion of a document? Or can the – basically, can the preamble bind the parties? The closest case that is in my brief is the Kessler case, which is part of my brief, which specifically states that a preamble can be considered if the court is interpreting or constructing a document, that the preamble can be considered. And that case is pretty close in terms of that specific question and answering that question. And that's the only one that I found which really went to that issue. Finally, actually, Judge, unless you have any other questions. I don't, actually. Thank you, Counsel. Thank you, Counsel. Justices. Counsel. Good morning. Good morning. I'm Ron Osmond, and I represent pre-development in this case. And Judge Smoot did not find an ambiguity in this contract. There is no reason for this Court to even be discussing presumptions or any kind of interpretation because she did not find an ambiguity in the contract. And the reason she didn't find an ambiguity in the contract is there is none. Justice, I'll answer your question about the preamble. Mr. Padgett is correct. A preamble, unless it's incorporated in somehow another into the document and into the agreement section of it, is normally just information. However, when it's incorporated into the document, it becomes part of the document. And this document, while it is not exactly a model of clarity, the sections that we're talking about are not conflicting and they're not ambiguous. And I want to just take a minute to walk through the document. And first, there's kind of a timing issue here. Whenever you have the dateline, in March 7, 1988, there's a contract signed. That's a Cracker Barrel contract. That's 827 in your record. That contract requires a restrictive covenant of use for 20 years in the contract. That, then, is incorporated, and that's on March 7, 1988. We don't know when the contract for what ended up being the Modo Mart property was signed, but we know it was before April 28, 1988, because when the covenants were filed, that paragraph regarding the Modo Mart is in there, and it says that a contract in accordance with a contract. That's the second whereas clause on the second page. So we have two contracts, similar language, requiring a restriction for 20 years. The Modo Mart is for not convenience stores. The Cracker Barrel has a list of showings and four or five other fast food restaurants that's not allowed. So then on April 26, 1988, plats filed. And on April 28, 1988, these restrictions are filed, restrictions and covenants. Two contracts, plat, restrictions, and covenants. Now, look at whatever you look at. It's the first time this appears. It appears about three times in the record, but it's A7 on the record. And it's covenants and restrictions. And on the first page, it talks about it, and we have a legal description of 41.54 acres or less. And then it talks about the above land described land is described in Plant Book Miscellaneous 191. And it refers to as land, said land. Now, when you go to the first whereas clause, and I'll skip forward just a little bit, the whereas clauses are specifically incorporated into the document in two places. Whenever it says, the third whereas, whereas said developer is developing said land and desires to place covenants and restrictions upon the use of said land, as described above, that such covenants and restrictions shall run with the title to said land. Now, that's the 41.05 acres, said land, said land. All as herein before and hereinafter set forth. So we have restrictions and covenants specifically incorporated into the whereas clauses set forth herein above and herein below. Now, whenever you read the first whereas clause on page eight, that is the one that is for the cracker barrel. And the important language here is last sentence. These restrictions shall apply only to Shonies, Denny's, Bob Evans, and Big Boy restaurants. This covenant and restriction shall remain in effect for 20 years from the date this instrument is reported. Blanket, 20 years. It doesn't say anything about abstention. It doesn't say anything about options. It doesn't say anything. That's what it is. Now, in my brief, I cited the statutes. And remember, this is contract law, nothing different about a restriction. And in contract law, whenever you say something, if you want to modify it, it's assumed that you will do so. So we have a restriction, 20 years, no abstention. The next whereas clause, this is the one that's the tract of land that we are involved in with pre-development and mobile land. Same language. Same language, 20 years from the date this instrument is reported. Blanket, no abstention. Now, there's one other extremely important part of these two whereas clauses. When you go back and you see these restrictions are not only for the land, which is the 41.05 acres. These restrictions are also on all other land or property as a resident within development and all other land or properties that the developers, officers, directors, subsidiaries, and affiliates own or control within a radius of two miles from the premises. So these restrictions and covenants and whereas clauses cover the planted property and anything within two miles that's owned by the officers and directors of pre-development. The remainder do not. So it's very easy to see that this document is set up with a set of restrictions in accordance with the contract, two contracts, that says you cannot use this property for a convenience store or any of the hamburger joints for 20 years. Now, in addition to that, on that property, on the land that's described, we have covenants. That's the here and after part. And those covenants are things like you can't have a junkyard or normal covenants. And paragraph 12 of those covenants, under term, has the provision that counsel is claiming modifies the first two restrictions and that they, in fact, go on for an additional 10 years. So those are, that term in paragraph 12 on page 10 of the record, that applies to the here and after portion of it, the other 11 paragraphs for the use. And it makes sense. Contract, for 20 years I'm going to pay a little extra for my land, and that way you can't use it for 20 years. But even after that 20 years, we don't want you, the other owners in the area don't want you using it as a chicken coop. So if all the owners get together and want to extend those covenants, you can do so. It has nothing to do with the restriction. Why would the owners of a platted property have the right to extend a use against restaurants and a convenience store on pre-developments, offices, directors, and employees' property within two miles? Makes no sense. So whenever you really sit down and look at this, Judge Smoot had it right. There's no ambiguity. If there's no ambiguity, we don't get into intent. Mr. Osmond, the whereas clauses that you've described talk about the date of recording. Correct. That they're going to come into effect as of the date of recording. I think that's what you said. From the date this instrument is recorded. From the date this instrument is recorded as to the motor mart and then also as to the cracker barrel. Correct. And in paragraph 12, it says for a period of 20 years from the date of these covenants are recorded, which I'm assuming you're talking about the recording of the whereas. The same document. Okay, but you're talking about the recorded covenants, right? Correct. But then it says after which time said covenants, I'm assuming we're talking about the 20 years, shall be automatically extended for successive periods unless these people sign off. The way you're arguing it, though, it sounds like you're saying that only the majority gets to amend. This paragraph says it's an automatic. Well, you're correct, Your Honor. That was a mistake on my part. Right. They would have to do that. Where's the ambiguity as to the automatic extension? Well, because covenants is not the restrictions. We have two things. We have restrictions of use. What's the difference? Well, the difference is in the manner in which they did it. A restriction of use means you can't use it for this purpose. A covenant means you can't use it in this particular manner. And they're used interchangeably. But in this document, in this document, it is clear that we are restricting and showing this. And there isn't, you know, to argue that paragraph 12 out of a set of 14 covenants controls the entire document and then would override a set period of 20 years is not in accordance with element of law in contract law. But you keep using the word covenants as it relates to paragraphs 1 through 14. Correct. And yet the document itself says that you're going to hereby place upon such tracts of land certain covenants and restrictions. So within these 14 paragraphs is not just restrictions, but the document it says says covenants and restrictions. So how are we to know a set representation? Okay. Then, Your Honor, we will run into the next portion. Okay. That's an ambiguity if you believe that that's the case and if the court believes the case. Judge Smoot didn't believe it. I don't believe it. Counsel does. Now, let's go and let's say you're correct. There is an ambiguity in the reading. We have two whereas clauses with set periods of time to expire. We have another clause that's later in the document that has a period of time that it can be extended automatically unless the majority does something about it. So now then you have to go back and say let's look at the intent of the parties. That's where the contract comes in. Where are you going to get that intent? I'm sorry? Where will that intent come from? It's in the contract. That contract is in the Cracker Barrel contract 827. And that intent was that was put in for a restriction. There's nothing in there about automatic renewing after 10 years. That's where that comes in. Now, the next thing that you talk about is what Mr. Padgett said is a presumption of who drafted it. Well, just because there's peers, there's nothing in the record that shows them drafted it. And furthermore, there's nothing in the record to show if, in fact, free development did draft it, did the other parties have any participation? Did they go back and forth? So that presumption can be used in either direction. So then the presumption becomes free availability of property. Cases are cited all the way back to 1897. If you have a situation where there is an ambiguity, even mine, I don't believe there isn't. But if there is, you still have to support Judge Smoot's ruling in this matter because the intent is shown by the contract. That particular contract that's in the record, 827, has the same language as the second we're asking. Well, what about the filing of the First Amendment to the covenants, where now you're trying to say, well, we're going to amend from 10 years to 1 year, and we're not going to let people change. Can't you then infer that the intent to the parties was an automatic extension from this document? Not at all. Okay. First, I didn't represent them when that was done. Mr. Padgett didn't represent them when the next one was done. Okay. Secondly, it is not effective. If you want to say, can you infer the intent, not of the original drafters because they were involved in it. The intent goes back to the intent of the restrictions at the time they were put on, not the intent of the restrictions at a later date of 1993 that was done. So, you know, I do, you know, but the real answer to that, Your Honor, is that I didn't represent them. Okay. And I don't think that you can infer anything by that. And that document also is not a model of clarity. So, to sum up, let me look here just a second. So if we take Judge Smoot's order, that means that the Big Boy restaurant can now go in, right? Yes. Within the development, yes. Or any of the other restaurants, which is what this contract is for. Okay. Well, Your Honor, I would ask that you uphold Judge Smoot's order. Again, in summary, I do not believe there's an ambiguity in the document. I believe that you have a set of herein before, which is the two whereas clauses, which is a set period of time of 20 years. If you say that paragraph 12 now overrides the first two whereas clauses, you violate the rules of construction in regards to the first portions of the document. If you have a conflict, the first portions are supposed to be given precedent in ways. If you say that paragraph 12 overrides those, you have to find there's an ambiguity in the contract and you have to find that the intent, which there's no evidence of the intent except the contract, that the intent was for that to happen. So there's not any evidence, I would submit to the court, there's not any evidence for this court to rule upon that shows that the contract is ambiguous or, in fact, if it was ambiguous, that the intent is anything other than restrictions against the convenience store in a 20-year period with no extension. Thank you. Thank you, Counsel. Counsel? Thank you, Mr. Court. The arguing of the intent is shown in the Cracker Barrel contract really can't be applied to the present defendant. That contract couldn't be found. Counsel would like to presume that they were the same, but we don't know that. There's nothing in the record to establish there's any similarity. Now, we can use the Cracker Barrel contract, as I argued earlier, for the purpose of showing that they at least were requiring Cree to come up with a set of covenants and restrictions and have them available at closing. And I think it's a little disingenuous to argue that Cree didn't create this document. I don't think it matters if Feasers or Cracker Barrel had a back-and-forth with them. A plain reading of the document shows that it's Cree establishing the covenant and restrictions. They own the land. They're the ones that are recording this document of covenants and restrictions. So I think if there's an ambiguity and you do construe the covenants and restrictions, it must be construed real strongly against Cree. And I don't know what more of an ambiguity there could be than two different sets of dates in the same document and not clearly stating paragraph 12 applies to paragraphs 1 through 14 and not through paragraphs 1 and 2. That would be clarity. If they wanted to clearly establish that 12 didn't apply, they could have put that in, but they didn't. And there's nothing in 1 and 2 that clearly says 12 doesn't apply here. It just says there's a 20-year, but then later there's a 20 plus 10. It's an interesting situation, and obviously we're asking you to rule for the defendant and to continue the restrictions as set forth for the period of the 20 plus 10 years. If you want to ask further questions, I'll yield back my time. Thank you very much. Thank you. We appreciate the briefs and arguments of all counsel. We'll take the case under adjustment. Thank you. Thank you.